UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CRIMINAL NO. 14-CR-069 |
| CODY MATTHEW TACKET | § § § | |

## PLEA AGREEMENT

The United States of America by and through United States Attorney Kenneth Magidson and Assistant United States Attorney C.M. Feazel, together with the defendant CODY MATTHEW TACKET and the defendant's attorney, Mr. Charles Johnson, pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement under the following terms and conditions:

1. The defendant Cody Matthew Tackett agrees to plead guilty to Count One of the information in this case.

(A) <u>Count One</u> charges the defendant with Hoax Bomb, Title 18 U.S.C. Sec. 844(e). The penalty for the violation of Title 18 U.S.C. § 844(e), is a maximum term of imprisonment of up to ten (10) years, and/or a fine of up to $250,000, and a period of supervised release of up to three (3) years.

(C) The defendant also acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then the defendant may be imprisoned for the entire term of supervised release without credit for time already served on the term of supervised release prior to such violation. Further, the defendant is not eligible for parole.

2. As part of this agreement, and if the defendant persists in his plea of guilty through sentencing and fulfills the terms of this agreement:

(A) The government will not oppose a two-level reduction for "acceptance of responsibility" pursuant to U.S.S.G. 3E1.1(a), provided the defendant accepts responsibility as contemplated under U.S.S.G. 3E1.1(a). However, the ultimate decision regarding this issue is left to the Court.

3. The Agreed Factual Summary forming the basis of this plea agreement is attached and incorporated herein.

4. This plea agreement binds only the United States Attorney's Office for the Southern District of Texas and the defendant; it does not bind any other United States Attorney. The United States will bring this plea agreement and the full extent of the defendant's cooperation to the attention of other prosecuting offices, if requested.

5. The defendant understands that the sentence to be imposed is within the discretion of the sentencing judge. If the Court should impose any sentence up to the maximum established by statute, the defendant cannot, for that reason alone, withdraw a guilty plea and will remain bound to fulfill all of the obligations under this plea agreement.

6. The defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. **Knowing that, the defendant waives the right to appeal the sentence, both collaterally and directly, and the manner in which the sentence was determined under 18 U.S.C. Section 3742. However, the defendant reserves the right to appeal (1) any sentence above the statutory maximum; and (2) any upward departure from the Sentencing Guidelines.** This agreement does not affect the rights or

obligations of the United States as set forth in Title 18, United States Code, Section 3742(b).

The defendant is also aware that the Constitution and laws of the United States, particularly Title 28, United States Code, Section 2255, afford the defendant the right to contest or "collaterally attack" the conviction or sentence after the conviction has become final. **<u>Knowing that, the defendant knowingly waives the right to contest or "collaterally attack" the conviction and sentence by means of any post-conviction proceeding and appeal.</u>**

7. The defendant is aware that a sentence has not yet been determined by the Court. The defendant is also aware that any estimate of the probable sentencing range under the advisory sentencing guidelines that the defendant may have received from the defendant's counsel, the United States or the Probation Office, is a prediction, not a promise, and is not binding on the United States, the Probation Office or the Court. The United States does not make any promise or representation concerning what sentence the defendant will receive.

8. The United States reserves the right to carry out its responsibilities under advisory guidelines sentencing. Specifically, the United States reserves the right: (a) to bring its version of the facts of this case, including its file and any

investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report; (b) to dispute sentencing factors or facts material to sentencing; (c) to seek resolution of such factors or facts in conference with defendant's counsel and the Probation Office; and (d) to file a pleading relating to these issues, in accordance with Section 6A1.2 of the Sentencing Guidelines and Policy Statements.

9. Prior to or at the time of sentencing, the defendant will pay to the United States Department of Justice a special assessment in the amount of one hundred dollars ($100.00) per count of conviction, as required in Title 18, United States Code, Section 3013(a)(2)(A). The payment will be by certified check payable to Department of Justice, c/o U.S. Attorney's Office. P. O. Box 61129, Houston, Texas 77208.

10. The defendant understands that the Court is permitted, pursuant to Section 5E1.2(I) of the advisory Sentencing Guidelines and Policy Statements, to order the defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment, term of supervised release and probation, if any are ordered. The defendant further understands that the Court is permitted to order the defendant to pay restitution to the victim.

11. The defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately.

12. The defendant represents to the Court that defendant is satisfied that his attorney has rendered effective assistance. Defendant understands that by entering into this Agreement, he surrenders certain rights as provided in this Agreement. The defendant understands that the rights of defendants include the following:

    a. If the defendant persisted in a plea of not guilty to the charges, the defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if the defendant, the United States and the court all agree.

    b. At a trial, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those witnesses and his attorney would be able to cross-examine them. In turn, the defendant could, but would not be required to, present witnesses and other evidence on his own behalf. If the witnesses for the defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

8

c. At a trial, the defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if the defendant desired to do so, he could testify on his own behalf.

13. The defendant understands that nothing in this plea agreement, however, will restrict access by the Probation Office or the Court to information and records in the possession of the United States, including that obtained from the defendant.

14. If the defendant should fail in any way to fulfill completely all of the obligations under this plea agreement (at any time including after sentencing), or engage in any felonious criminal activity during the life of this agreement, or fail to appear when required, the United States will be released from its obligations under the plea agreement. Thus, for example, if at any time the defendant knowingly withholds evidence, or otherwise is not completely truthful with the United States, an officer of the United States, any law enforcement officer, or in testimony before the grand jury or at trial; or if the defendant knowingly gives false information to the United States relating to another's participation in criminal activity, then:

      a. The defendant may be prosecuted for perjury, false declaration, false statement, and/or obstruction of justice or any other offenses that may have been committed;

      b. Any information and documents that have been disclosed by the defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom will be used against the defendant in any prosecution;

      c. The United States will be permitted to recommend to the Court any sentence it considers appropriate, up to and including the maximum possible sentence.

15. Whether the defendant has breached any provision of this plea agreement, if contested by the parties, shall be determined by the United States Attorney, whose decision in that regard is final.

16. This written agreement constitutes the complete plea agreement between the United States, the defendant, and the defendant's counsel. The United States is only bound by the representations contained in writing in this plea agreement. The defendant acknowledges that no other guarantees have been made or promised other than what is outlined in this plea agreement. The defendant further

acknowledges that no threats have been made against the defendant and that the defendant is pleading guilty freely and voluntarily because the defendant is guilty.

Any modification of this plea agreement shall be valid only as set forth in writing in a supplemental or revised plea agreement signed by all parties.

_____
CODY MATTHEW TACKETT - Defendant

SUBSCRIBED AND SWORN TO BEFORE ME on this the _28th_ day of MARCH, 2014.

DISTRICT COURT CLERK

By: _____
Deputy Clerk

APPROVED:

_____
C.M. Feazel - Assistant U.S. Attorney

_____
CHARLES JOHNSON - Attorney for Defendant

11

I have consulted with my counsel and fully understand all my rights with respect to the information pending against me and I understand the elements of the offense charged against me. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the advisory <u>Sentencing Guidelines and Policy Statements</u> which may apply in my case. I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand this agreement and I am entering this agreement and plea of guilty freely and voluntarily in the exercise of my own good judgment, because I am guilty and for no other reason.

Date: 3-28-14

_____
CODY MATTHEW TACKETT - DEFENDANT

I have fully explained to the defendant his rights with respect to the pending information. Further, I have reviewed the provisions of the advisory <u>Sentencing Guidelines and Policy Statements</u> and I have fully explained to the defendant the provisions of those Guidelines which may apply in this case. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge, the defendant's decision to enter into this agreement is an informed and voluntary.

Date: 3-28-2014

_____
CHARLES JOHNSON - Counsel for Defendant